UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WINCHAUS A. HAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:22cv287 |
| ) | |
| ) | |
| D. LEU, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Winchaus A. Hayes's ("Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent D. Leu, Warden of Federal Correctional Institution Petersburg's ("Respondent") Motion to Dismiss for Lack of Jurisdiction and supporting memorandum, ECF Nos. 12, 13. The Motion was referred for disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as moot.

### I. STATEMENT OF THE CASE

Petitioner filed a Petition for a Writ of Habeas Corpus on July 13, 2022, seeking relief from his ongoing incarceration at Federal Correctional Institution Petersburg ("FCI Petersburg"). ECF

No. 1. Petitioner alleges that the Bureau of Prisons denied him credit earned under the First Step Act "for successful completion of 18 Evidence Based Reduction Recidivism classes, 1 Productive Activity class – College Certificate Vet Assistant, and 1 (PA) Productive Activity currently enrolled at Dayspring Bible College for theology." *Id.* at 6. For relief, Petitioner seeks credit for his completed coursework and to serve up to twelve months of his sentence at a halfway house instead of at FCI Petersburg. *Id.* at 7–8.

On May 12, 2023, Respondent filed a Motion to Dismiss, a memorandum in support, and notified Petitioner that he was able to oppose the Motion to Dismiss as well as the consequences of his failure to do so. ECF Nos. 12–14; *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Respondent avers that Petitioner completed his sentence on April 21, 2023, and has subsequently been released from incarceration. ECF No. 13 at 2, 4. Petitioner has failed to respond to the Motion to Dismiss.

## II.   ANALYSIS

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. The requirement of an actual, ongoing controversy continues throughout the litigation. *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *J.W.*, 452 F. App'x at 414 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A case may also become moot due to a change in the facts or in the law. *J.W.*, 452 F. App'x at 414; *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Petitioner was released from incarceration on April 21, 2023. ECF No. 13, attach. 1. As a result of Petitioner's release, the Petition is moot for two reasons: there is no longer a case or

controversy and there has been a change in facts. *See Palacio v. Sullivan*, 814 F. App'x 774, 775 (4th Cir. 2020).

There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences;' and (2) [matters] 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). A collateral consequence is "some concrete and continuing injury other than the now-ended incarceration . . . ." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). More specifically, collateral consequences are disabilities or burdens that stem from a petitioner's conviction even after release. *See Carafas*, 391 U.S. at 237. Petitioner does not allege any collateral consequence in his Petition – he contends only that he did not receive proper credit for his completed coursework. ECF No. 1 at 6–8. Moreover, a petitioner cannot meet his burden to show that a wrongful detention is "capable of repetition" by the mere possibility that he may be returned to custody one day. *See Incumaa v. Ozmint*, 507 F.3d 281, 288–89 (4th Cir. 2007). Petitioner is no longer in custody, and he does not allege an injury, disability, or burden flowing from his detention. Accordingly, neither of the mootness doctrine exceptions apply and the Petition is moot.

### III.   RECOMMENDATION

Because Petitioner has been released, his claim in this Petition is moot. Accordingly, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and that Petitioner's Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as moot.

### IV.   REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of

3

this Report and Recommendation to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of these Rules. A party may respond to another party's specific objections within fourteen days after being served with a copy thereof. *See* FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the preceding findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019, 106 S. Ct. 567 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395 (1984).

/s/<br>
Lawrence R. Leonard<br>
United States Magistrate Judge<br>
Lawrence R. Leonard<br>
United States Magistrate Judge

Norfolk, Virginia
November 3, 2023